# IN THE UNITED STATES DISTRICT COURT FOR THE
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM MURRAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-12-105-F |
| | ) |
| ROBERT PATTON, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge Stephen P. Friot has referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). A response has been filed. Accordingly, the matter is ready for the preparation of proposed findings and a recommended disposition. For the reasons set forth below, it is recommended that the Petition be **DENIED.**

## I. BACKGROUND

On October 10, 2008, Petitioner pleaded guilty to first degree burglary, and nolo contendere to aggravated assault. Petition, 1-2; Case No. CF-2007-336, District Court of Custer County, State of Oklahoma. At the proceeding in which Petitioner's pleas were accepted, Petitioner requested preparation of a presentence report and a sentencing hearing. Guilty Plea Transcript (Guilty Plea Tr.), 14-17. On November 14, 2008, Petitioner was sentenced to twenty-five years imprisonment on the first degree burglary count, and ten years imprisonment on

the count for aggravated assault. Petition, 1;Transcript of Judgment and Sentence (Sentencing Tr.) (Nov. 14, 2008), 33-34. The sentences were ordered to run consecutively. *Id.*

Petitioner moved to withdraw his pleas, but the state district court denied his motion on February 8, 2010. Petition, 2; Transcript of Proceedings Regarding Motion to Withdraw Plea of Guilty (Tr. Motion to Withdraw), 27. Petitioner then appealed to the Oklahoma Court of Criminal Appeals, and it affirmed the state district court's decision. Response, Ex. 2; Case No. C-2010-141, Oklahoma Court of Criminal Appeals (Oct. 28, 2010).

## II. PETITIONER'S GROUNDS FOR RELIEF

In this action, Petitioner seeks habeas relief on four grounds. First, he claims a "conflict of interest" in that the District Attorney for Custer County had represented Petitioner prior to assuming his position. Petition, 5. In a related claim, he argues that the judge who presided over his preliminary hearing had represented Petitioner prior to her appointment to the bench. Petition, 5.

Second, Petitioner alleges ineffective assistance of trial counsel—alleging that trial counsel "did not represent [Petitioner] to the fullest of his ability." Petitioner adds that "there were a few issues I had asked [trial counsel] to look into that were relevant to my case and [trial counsel] did not do it." Petition, 7. He further alleges that trial counsel failed to object to improper evidence and argument, and failed to object to the use of other crimes evidence during the

2

sentencing hearing, which in Petitioner's view, resulted in an excessive sentence. Petition, 7.

Third, Petitioner argues that his term of imprisonment is excessive, claiming that the State had recommended 15 years imprisonment on Count 1, and 10 years on Count 2. Petition 8. He states: "I entered my plea with the understanding I was going to receive a 15 year sentence." *Id.*

Fourth, and finally, Petitioner alleges that he should be allowed to withdraw his plea because "the record shows" the plea was not voluntary. Petition, 10. He alleges that the plea was the result of "ignorance, confusion, misunderstanding, and misapprehension," and that his counsel told him he was to receive a 15 year and a 10 year sentence, to run concurrently. Petition, 10.

### III. THE RESPONSE

Respondent contends that Petitioner's convictions pursuant to his plea of nolo contendere/guilty foreclose the challenges raised in Grounds One and Three of the Petition. Response, 4. Respondent argues that a guilty plea[1] waives all claims that occurred prior to the entry of the plea. Response, 5. Thereafter, only the voluntary and knowing character of the plea may be challenged. Response, 5. Alternatively, Respondent addresses the merits of the claims underlying Grounds One and Three. Response, 6, 19.

---

[1] Under Oklahoma law, a plea of nolo contendere has the same effect as a guilty plea. *Braun v. Ward,* 190 F.3d 1181, 1189 n. 6 (10th Cir. 1999).

3

## IV. DISCUSSION

### A. Standard of Review

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784–85 (2011); *see also Johnson v. Williams,* ___U.S.___,133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted."). A petitioner is entitled to federal habeas relief only if that merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2254(d). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington,* 131 S.Ct. at 786.

This Court first determines "whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the

time of the state court judgment." *Bland v. Sirmons,* 459 F.3d 999, 1009 (10th Cir. 2006); *see also Hooks v. Workman,* 689 F.3d 1148, 1163 (10th Cir. 2012). Clearly established law consists of Supreme Court holdings where the facts are similar to the facts in the petitioner's case. *House v. Hatch,* 527 F.3d 1010, 1016 (10th Cir. 2008). "The absence of clearly established federal law is dispositive under § 2254(d)(1)." *Id.* at 1018. So, only if this Court answers "affirmatively the threshold question as to the existence of clearly established federal law, may it inquire whether the state court decision is either contrary to or an unreasonable application of such law." *Id.*

If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *Bland,* 459 F.3d at 1009. "A decision is 'contrary to' clearly established federal law ... if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts ... materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from the result reached by the Supreme Court." *Id.* (quotations omitted) (alterations in original). "A state court decision involves an 'unreasonable application' of federal law if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotation omitted) (alteration in original). "As a condition for obtaining

5

federal habeas relief, ... a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S.Ct. at 786–87.

Throughout the analysis, a court must presume the state court's factual findings are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Analysis**

In considering Petitioner's appeal from the district court's refusal to allow him to withdraw his plea, the Oklahoma Court of Criminal Appeals (OCCA) first directed the state district court to hold an evidentiary hearing. Response, Ex. 2; Case No. C-2010-141, Oklahoma Court of Criminal Appeals, 1-2. After the hearing, the OCCA affirmed the decision denying Petitioner's motion to withdraw his pleas. Response, Ex. 2. The OCCA, citing the United States Supreme Court decision in *Boykin v. Alabama*, 395 U.S. 238 (1969), identified the governing rule that a guilty plea is valid if entered voluntarily and intelligently. Response, Ex. 2.

This rule arises under the Due Process Clause of the Fourteenth Amendment, which requires that a defendant's plea of guilty be knowingly and voluntarily entered. *Boykin,* 395 U.S. at 242; *Miles v. Dorsey,* 61 F.3d 1459, 1465–66 (10th Cir. 1995). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the

alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from [the state court's] findings." *Fields v. Gibson,* 277 F.3d 1203, 1212 (10th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 35 (1992) (pre-AEDPA case)). "A plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea." *Fields,* 277 F.3d at 1213. For example, an attorney materially misinforms a defendant when he or she falsely represents that promises or guarantees exist. *Id.* Additionally, "a plea may be involuntary if counsel informs the defendant that he has no choice, he must plead guilty." *Id.* However, an erroneous sentence estimate by defense counsel does not render a plea involuntary, nor does a defendant's erroneous expectation—even if it is based on his attorney's erroneous estimate. *Wellnitz v. Page,* 420 F.2d 935, 936–37 (10th Cir. 1970) (finding guilty plea voluntary even though counsel informed defendant that he would "get 25 years" and defendant was actually sentenced to 100 years). As explained by the Supreme Court:

> Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

7

*McMann v. Richardson,* 397 U.S. 759, 770 (1970). The Tenth Circuit has found that a guilty plea can be voluntary despite trial counsel's vigorous urging that his client plead guilty because the attorney believed it was in his client's best interest. *Miles,* 61 F.3d at 1470. "Indeed, one central component of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interests." *Fields,* 277 F.3d at 1214. A state court guilty plea is constitutional "if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." *Miles,* 61 F.3d at 1466 (citing *Boykin v. Alabama,* 395 U.S. at 242–44).

The undersigned finds that Petitioner has wholly failed to rebut the presumption of correctness extended to the facts as found by the state courts, falling far short of the requirement that such findings be rebutted by "clear and convincing evidence." To the contrary, it is clear that Petitioner fully understood the potential sentence range for each count, and that he knew he was entering his pleas without any plea agreement—giving the state district court discretion to sentence him anywhere within the applicable sentencing range.

For example, in the Plea of Guilty Summary of Facts form completed by Petitioner with the help of his lawyer, Petitioner stated that he understood that there was no plea agreement; that he understood the range of punishment; affirmed that he knew that his charges were after former conviction of a felony;

acknowledged that he must serve 85% of sentence on the first degree burglary count; denied that he was forced, abused, mistreated, or promised anything to enter plea; and acknowledged that his nolo contendere/guilty plea was entered by his own free will without coercion or compulsion of any kind. Response, Ex. 3 at ¶¶ 12, 14, 16, 23, and 29-30.

In addition to the Plea of Guilty Summary of Facts form, there are three recorded and transcribed state district court proceedings related to the pleas. They all show that Petitioner was fully aware of the consequences of his nolo contendere/guilty plea, and did not plead as a result of ignorance, confusion, misunderstanding, misapprehension, or based upon a promise of his attorney that Petitioner would receive 15 and 10 year sentences to run concurrently. *See* Petition, 10.

**1. Grounds One and Two-Ineffective Assistance of Counsel, Judicial Bias**

In considering this claim on appeal, the OCCA found that the participation of the preliminary hearing judge and the prosecutor in Petitioner's case did not raise any appearance of impropriety. Response, Ex. 2, p. 3. Furthermore, it found that although both represented the Petitioner in the past, neither represented him in the criminal proceedings at issue. *Id.* The OCCA also found no indication in the record that any information learned during these prior representations were used against Petitioner. *Id.* "The record reflects no more than a single general statement that each of those individuals had, at some unidentified time, prior to

the time each had acquired their present positions represented the Petitioner in some way." *Id.* at 3-4. In reaching its conclusion, the OCCA cited the Oklahoma Code of Professional Conduct and one of its previous decisions construing the Code. Response, Ex. 2, p. 3.

### a. Ineffective Assistance of Counsel-Conflict of Interest

In addressing this ground for relief, Respondent first argues that Petitioner raises an issue of state law only, and that a state law error is not cognizable in this habeas action. Response, 6. Alternatively, Respondent contends that the decision of the Oklahoma Court of Criminal Appeals is neither contrary to nor an unreasonable application of Supreme Court precedent with regard to the alleged conflict of interest. Response, 11-12.

Respondent is correct that any claim that the OCCA erred in its interpretation of *state law* is not reviewable in this habeas action. "In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court." *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). However, Petitioner does not fare any better even if this ground is construed as one raising an issue of federal law.[2]

The Sixth Amendment right to effective assistance of counsel, incorporated as applicable to the states through the Fourteenth Amendment, includes the "right to representation that is free from conflicts of interest." *United States v. Bowie,*

---

[2] Respondent concedes exhaustion of state court remedies. Response, 2 ¶ 5.

892 F.2d 1494, 1500 (10th Cir. 1990) (quoting *Wood v. Georgia,* 450 U.S. 261, 271 (1981)). Where, as here, the defendant did not object at trial, he must demonstrate that "'an actual conflict of interest adversely affected his lawyer's performance.'" *Bowie,* 892 F.2d at 1500 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980)). "An actual conflict of interest exists only if counsel was 'forced to make choices advancing ... interests to the detriment of his client.' Furthermore, 'the petitioner must be able to point to *specific instances* in the record' that suggest his interests were damaged for the benefit of another party." *Workman v. Mullin,* 342 F.3d 1100, 1107 (10th Cir. 2003) (citations omitted) (quoting *United States v. Alvarez,* 137 F.3d 1249, 1251-52 (10th Cir. 1998)). "[A] mere theoretical division of loyalties" is insufficient. *United States v. Carrasco,* No. 01-2053, 2002 WL 31846308, at *1 (10th Cir. Dec. 20, 2002) (citations omitted) (quoting *Mickens v. Taylor,* 535 U.S. 162, 171 (2002)). It is therefore recommended that relief be denied on Ground One.

**b. Ineffective Assistance of Counsel-Adequacy of Representation**

In addition to his claim that the District Attorney had served as Petitioner's counsel in a previous unrelated matter, Petitioner claims that his trial counsel was ineffective in the following respects: trial counsel failed to look into a "few issues" that were "relevant to his case"; "failed to object to improper evidence and argument"; and failed to object to the prosecutor's introduction of other crimes evidence during the sentencing hearing. Petition, 7.

11

In considering this claim on certiorari appeal, the Oklahoma Court of Criminal Appeals stated:

> [W]e find Petitioner was not denied effective assistance of counsel by counsel's failure to raise objections to other crimes evidence presented at the sentencing hearing. As addressed [above], any improperly admitted other crimes evidence did not influence the judge's sentencing decision. Therefore, Petitioner has failed to show how counsel's failure to object to that evidence rendered the results of his guilty plea proceedings unreliable.

Response, Ex. 2, p.4

In addressing this ground for relief, Respondent relies on two things: the familiar test for evaluating whether a defendant has received constitutionally effective assistance of counsel, and the fact that the evidence that Petitioner believes should have been objected to by counsel at hearing was contained in the presentence report that *Petitioner* requested.

For claims involving ineffective assistance of counsel, the Supreme Court "clearly established" federal law in *Strickland v. Washington,* 466 U.S. 668, 690–91 (1984). There the Court held that a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial. *Id.* at 690–92. An attorney's performance is only considered "deficient" if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Under that analysis, a

12

petitioner must first show that counsel's performance fell below an objective standard of reasonableness, *id.* at 688, and second he must demonstrate that the deficient performance resulted in prejudice to his defense. *Id.* at 687.

In order to demonstrate prejudice in the context of a guilty plea, Defendant must establish a reasonable probability that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Upon review of the Petition, Response, and attachments thereto, the undersigned finds nothing other than Petitioner's conclusory statement that he asked counsel to "look into" a "few issues." Petition, 7. He neither identifies these issues, nor states what effect they may have had on his decision to plead guilty.

The undersigned also finds no merit to Petitioner's claim that his counsel was ineffective for failing to object to other crimes evidence at the *sentencing* hearing. The evidence to which Petitioner refers was contained in the presentence report that he requested. Guilty Plea Tr., 14-15. Had counsel objected, the objection would have been futile given the fact that the information was offered at the sentencing hearing by Petitioner. It is therefore recommended that relief be denied on Ground Two.

**c. Judicial Bias, Preliminary Hearing Judge's Prior Representation of Petitioner.**

Petitioner also claims that the state court judge who presided over his preliminary hearing was biased because she had once represented him prior to

13

her appointment to the bench. Petition, 5. In reviewing this claim on certiorari appeal, the Oklahoma Court of Criminal Appeals found that Petitioner had pointed to nothing in the record which would support a finding of judicial bias. Response, Ex. 2, p. 3-4.

"In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due process is whether the judge was 'actually biased or prejudiced against the petitioner.'" *Nichols v. Sullivan,* 867 F.2d 1250, 1254 (10th Cir. 1989) (citation omitted). To show actual bias, Petitioner must present "compelling" evidence. *See Fero v. Kerby,* 39 F.3d 1462, 1478 (10th Cir. 1994) (in upholding dismissal of a habeas claim involving judicial bias, the court stated that "[d]isqualification of a judge for actual bias or prejudice is a serious matter and should only be required when the evidence is compelling" (citation omitted)).

Due process requires the presence of a neutral and detached decision maker. A petitioner seeking federal habeas relief may make out a judicial bias claim in two ways. First the petitioner may set forth factual allegations showing actual bias. *Davis v. LeMaster,* No. 99–2161, 2000 WL 702408, at *4 (10th Cir. May 26, 2000) (citing *Nichols v. Sullivan,* 867 F.2d 1250, 1254 (10th Cir. 1989)). Second, the petitioner may show an appearance of bias but must show "a strong, direct interest in the outcome of [the] case ... sufficient to overcome th[e] presumption of evenhandedness." *Davis,* 2000 WL 702408, at *4 (quoting *Fero v.*

14

*Kerby,* 39 F.3d 1462, 1478–79 (10th Cir. 1994)). The undersigned finds that Petitioner has shown neither here.

First, the state judge in question presided only over the preliminary hearing in Petitioner's criminal case. Second, if the judge presiding over the preliminary hearing had previously represented Petitioner, Petitioner would have obviously been aware of that fact at the time. Yet, he made no objection or request for recusal or disqualification. Finally, Petitioner points to nothing that would support an inference that the alleged prior representation had any impact whatsoever on the probable cause finding by the preliminary hearing judge in the case resulting in the conviction now under attack. Accordingly, it is recommended that relief be denied on Ground Two.

**2. Grounds Three and Four**

In Grounds Three and Four, Petitioner argues that his sentence was excessive, and attacks the voluntariness of his plea. Petition, 8, 10. In considering these claims, the Oklahoma Court of Criminal Appeals held that the sentences imposed were not excessive, and that Petitioner failed to meet his burden of showing that his plea was entered through inadvertence, ignorance, influence, or without deliberation. Response, Ex. 2, p. 2-3.

**a. Excessive Sentence**

In Ground Three, Petitioner claims that his sentence was excessive. Petition, 8. Respondent contends that this claim is a state law issue and is not

cognizable in this habeas action. Response, 19. The undersigned agrees, and finds that Petitioner's sentence falls within the statutory limits applicable to the crimes of which he was convicted.

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel,* 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." *Id.* In this case, because Petitioner had been previously convicted of a felony, he faced a sentencing range of ten years to life imprisonment on his first degree burglary charge, and up to ten years imprisonment on his aggravated assault and battery charge. Response, Ex. 3, ¶ 16. Thus, the sentences imposed on each count were within the limitations of Oklahoma law. It is therefore recommended that relief be denied on Ground Three.

### b. Voluntariness of Plea

When Petitioner entered his pleas, he and his attorney completed, discussed, and signed a Summary of Facts form that informed Petitioner of several items relevant to his pleas, including the charges against him, the applicable range of punishment, and of the right to a trial, to a lawyer, the presumption of innocence, the right to remain silent, the right to call and confront witnesses, the

right to have guilt proven beyond a reasonable doubt and to be convicted by a unanimous jury. Response, Ex. 3. By signing the form, Petitioner indicated that he understood these rights and that he was waiving them by entering his pleas. *Id.* Petitioner's plea hearing was held on October 10, 2008, and the trial court reviewed the factual basis for Petitioner's guilty plea. Tr. Guilty Plea, 14. Response, Ex. 3, ¶ 28.

The Plea of Guilty Summary of Facts form indicated that there was no plea agreement. Response, Ex. 3, ¶¶ 23-25. The trial judge also discussed the lack of a plea agreement at the plea hearing. Tr. Guilty Plea, 11. Petitioner testified under oath that he had not been promised anything in exchange for his pleas or coerced into entering them. *Id.* at 14. The trial judge asked if Petitioner understood the charges against him, and explained the applicable range of punishment, what the right to a jury trial entailed, whether Petitioner was satisfied with his counsel's performance, and whether he committed the acts alleged in the information. *Id.* at 6-10. Accordingly, the trial court determined that Petitioner's pleas were knowingly and voluntarily entered, that a sufficient factual basis to support the plea of guilty existed, as well as a sufficient offer of proof to support the plea of no contest, and accepted the pleas. *Id.* at 15-16. In light of the foregoing, the undersigned finds that Petitioner has failed to carry his burden of showing that his plea was not knowing and voluntary. Accordingly, it is recommended that relief be denied on Ground Four.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus, ECF No. 1, be **DENIED**. Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **June 20, 2014**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 3, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE